UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                  :

                                           :

        -v-                                :          S2 16 Cr. 670 (KMW)

                                           :

MARI SOLY ALMONTE,                         :

                                           :
                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**<u>MEMORANDUM OF LAW IN SUPPORT OF MARIA SOLY ALMONTE'S MOTION
FOR A JUDGMENT OF ACQUITTAL, OR IN THE ALTERNATIVE, A NEW TRIAL</u>**

ANTHONY CECUTTI
217 Broadway, Suite 707
New York, New York 10007
Ph: (212) 619-3730

JENNIFER R. LOUIS-JEUNE
733 3rd Avenue, 15th Floor
New York, New York 10017
Ph: (212) 203-9058

*Attorneys for Maria Soly Almonte*

TO:   GEOFFREY S. BERMAN, ESQ.
      United States Attorney
      Southern District of New York
      1 St. Andrew's Plaza
      New York, New York 10007
      Attn:   Stephanie Lake, Esq.
              Alison Moe, Esq.
              Assistant United States Attorneys

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES............................................................................................i

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS.............................................................................................1

    A.   Government Case ............................................................................................1

    B.   Defense Case ...................................................................................................2

LEGAL STANDARDS...................................................................................................2

    A.   Rule 29..............................................................................................................2

    B.   Rule 33..............................................................................................................4

ARGUMENT ...................................................................................................................5

    A.   The Evidence Was Insufficient to Prove Beyond a Reasonable Doubt ...........................6
        That the Defendant Knew or Recklessly Disregarded that JF was Under 14....................6

    B.   The Evidence was Insufficient to Prove that the Defendant was a Part of a Sex
        Trafficking Conspiracy  Involving Minors  ...............................................10

    C.   In the Alternative, The Court Should Order A New Trial In The Interests Of Justice
        Because The Verdict Was Against The Weight Of The Evidence .................11

CONCLUSION ..............................................................................................................12

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGES**

*Jackson v. Virginia*, 443 U.S. 307 (1979). .................................................................2, 3

*Newman v. Metrish*, 543 F.3d 793 (6th Cir. 2008) ..............................................9

*United States v. Aguiar*, 737 F.3d 251 (2d Cir. 2013) ..............................................4

*United States v. Autuori*, 212 F.3d 105 (2d Cir. 2000) ..........................................4

*United States v. Blasini-Lluberas*, 169 F.3d 57 (1st Cir. 1999) ............................3

*United States v. Canova*, 412 F.3d 331 (2d Cir. 2005)...........................................13

*United States v. Cartwright*, 359 F.3d 281 (3d Cir. 2004).......................................9

*United States v. Chavez*, 549 F.3d 119 (2d Cir. 2008) ...........................................3

*United States v. Coplan*, 703 F.3d 46 (2d Cir. 2012) ..........................................3, 4

*United States v. D'Amato*, 39 F.3d 1249 (2d Cir. 1994) ..........................................4

*United States v. Eppolito*, 534 F.3d 25 (2d Cir. 2008) ...........................................2

*United States v. Ferguson* , 246 F.3d 129 (2d Cir. 2001) ...................................4, 12

*United States v. Glenn*, 312 F.3d 58 (2d Cir. 2002) ...............................................4

*United States v. Herrera-Gonzalez*, 263 F.3d 1092 (9th Cir. 2001)...........................11

*United States v. Jackson*, 335 F.3d 170 (2d Cir. 2003) ...........................................2

*United States v. Kapelioujnyj*, 547 F.3d 149 (2d Cir. 2008).....................................3

*United States v. Lorenzo*, 534 F.3d 153 (2d Cir. 2008) ...........................................3

*United States v. McCourty*, 562 F.3d 458 (2d Cir. 2009) .........................................4

*United States v. Mulheren*, 938 F.2d 364 (2d Cir. 1991)...........................................3

*United States v. Paris*, 2007 WL 3124724, at *9 (D. Conn. Oct. 24, 2007)................7

*United States v. Phea*, 755 F.3d 255 (5th Cir. 2014)...............................................10

*United States v. Ritz*, 548 F.2d 510 (5th Cir. 1977)................................................11

*United States v. Robinson*, 702 F.3d 22, 26 (2d Cir. 2012) ...................................6, 7

*United States v. Taylor*, 464 F.2d 240 (2d Cir. 1972)...........................................3, 4

*United States v. Torres*, 128 F.3d 38 (2d Cir. 1997)...............................................4

*United States v. Wexler*, 838 F.2d 88 (3d Cir. 1988)..............................................11

*United States v. Zhou*, 428 F.3d 361 (2d Cir. 2005)................................................3

i

## STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 1591(c). ...................................................................................................6

18 U.S.C. § 1951 (a) ..................................................................................................6

18 U.S.C. § 1591...........................................................................................1, 5, 6, 11

18 U.S.C. § 1594.................................................................................................1, 5

18 U.S.C. § 1952.....................................................................................................1

18 U.S.C. § 371 .................................................................................................1, 11

18 U.S.C. § 1591...................................................................................................5

## OTHER

Federal Rule of Criminal Procedure 29 ................................................................1, 2

Federal Rule of Criminal Procedure 33 ...........................................................1, 3, 4, 12

## PRELIMINARY STATEMENT

Maria Soly Almonte was charged, in a Second Superseding Indictment, with being the leader of a sex-trafficking organization involving minors.  Count One charged Ms. Almonte with conspiracy to commit sex trafficking of minors, in violation of 18 U.S.C. § 1594(c). Counts Two and Three charged her with sex trafficking of minors, in violation of 18 U.S.C. § 1591. Count Four charged Ms. Almonte with the use of interstate commerce in furtherance of unlawful prostitution activity, in violation of 18 U.S.C. §§ 1952. Count Five charged Ms. Almonte with conspiring to use interstate commerce in furtherance of unlawful prostitution activity, in violation of 18 U.S.C. § 371. ECF Doc. No. 74.

On December 1, 2017, a jury found Ms. Almonte guilty of all counts.  Following the verdict, defense counsel requested additional time to file post-trial motions.  ECF Doc. No. 115. The Court granted the extension, over the Government's opposition to the request, on December 18, 2017. *Id*.

On behalf of Ms. Almonte, we respectfully move, for the following relief.  Ms. Almonte moves the Court to enter an order for a judgment of acquittal on Count Two pursuant to Federal Rule of Criminal Procedure 29. In the alternative, Ms. Almonte moves the Court for a new trial, pursuant to Federal Rule of Criminal Procedure 33.

## STATEMENT OF FACTS

### A.  Government Case

The Government's evidence was comprised of:

1.  Testimony of Detective Wong, the lead investigator in an undercover operation conducted in this case;

2.  Testimony of an undercover detective;

3. Testimony of Susan Sanchez, the mother of one of the victims;

4. Testimony of two cooperators, Gabriely Jose and Vetthya Alcius;

5. Photographs of victims and others charged in this case;

6. Three FBI Special Agents involved in this case;

7. An ACS Child Protective Specialist who conducted an investigation of a codefendant in this case; and

8. A Physician's Associate.

The Government and defense also entered into evidence, by stipulation, *inter alia*, statements and photographs from several Facebook accounts, records from Backpage.com and records of WhatsApp communications. *See* Gov't Exhibits GX 1001-1008, and 721a – 722c.

### B. Defense Case

Ms. Almonte testified in her own defense.

## LEGAL STANDARDS

### A. Rule 29

Federal Rule of Criminal Procedure 29(a) requires the court to "enter a judgment of acquittal on any offense for which the evidence is insufficient to sustain a conviction."  "The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). Thus, the Court must determine, after "considering all of the evidence, direct and circumstantial, that 'no rational trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *United States v. Eppolito*, 534 F.3d 25, 45 (2d Cir. 2008) (quoting *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003)).  The

Court "must view the evidence in the light most favorable to the Government, crediting every inference that could have been drawn in the Government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (quoting *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008)). A jury's guilty verdict may be sustained only "if there is substantial evidence" to support it, *United States v. Mulheren*, 938 F.2d 364, 368 (2d Cir. 1991) (emphasis in original) (citations omitted), and a "mere modicum" will not do, *Jackson*, 443 U.S. at 320.

Although it is generally left to the jury to determine the credibility of witnesses, weigh the evidence, and draw justifiable inferences from proven facts, *United States v. Taylor*, 464 F.2d 240, 243 (2d Cir. 1972), "juries do not have carte blanche," *United States v. Blasini-Lluberas*, 169 F.3d 57, 62 (1st Cir. 1999), and "[t]he jury may not be permitted to conjecture merely, or to conclude upon pure speculation or from passion, prejudice or sympathy," *Taylor*, 464 F.2d at 243. Accordingly, on a Rule 29 motion the Court is required to "take a hard look at the record and to reject those evidentiary interpretations and illations that are unreasonable, insupportable, or overly speculative." *Blasini-Lluberas*, 169 F.3d at 62 (internal citations and quotation marks omitted); *see also United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) ("specious inferences are not indulged, because it would not satisfy the Constitution to have a jury determine that the defendant is probably guilty" (internal citation, quotation marks and alterations omitted)).

In making a sufficiency determination, the Court is "obligated to 'consider the evidence presented at trial in its totality, not in isolation.'" *United States v. Kapelioujnyj*, 547 F.3d 149, 154 (2d Cir. 2008) (quoting *United States v. Zhou*, 428 F.3d 361, 369-70 (2d Cir. 2005)). "If the evidence is such that reasonable jurors must necessarily have ... a [reasonable] doubt, the

judge must require acquittal, because no other result is permissible within the fixed bounds of jury consideration." *Taylor*, 464 F.2d at 243. Moreover, if the evidence "gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." *United States v. Coplan*, 703 F.3d 46, 69 (2d Cir. 2012). In other words, where the evidence is "in equipoise," a judgment of acquittal is required. *Id.*; *see also United States v. Glenn*, 312 F.3d 58, 70 (2d Cir. 2002); *United States v. D'Amato*, 39 F.3d 1249 (2d Cir. 1994).

### B. Rule 33

In deciding Rule 33 motions for a new trial, courts must determine "whether letting a guilty verdict stand would be a manifest injustice." *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013) (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) ). Such motions "are granted only in 'extraordinary circumstances,'" *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (quoting *United States v. Torres*, 128 F.3d 38, 48 (2d Cir. 1997)), where a court is left with "a real concern that an innocent person may have been convicted," *Aguiar* , 737 F.3d at 264 (quoting *Ferguson* , 246 F.3d at 134).

When a defendant challenges a jury's verdict as against the weight of the evidence, "[t]he trial court must be satisfied that 'competent, satisfactory and sufficient evidence' in the record supports the jury verdict." *Ferguson*, 246 F.3d at 134. "The district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation." *Id*. In doing so, the Court "must strike a balance between weighing the evidence and credibility of the witnesses and not 'wholly usurp[ing]' the role of the jury." *Id*. at 133 (quoting *United States v. Autuori*, 212 F.3d 105, 120 (2d Cir. 2000)).

## ARGUMENT

To carry its burden of proving beyond a reasonable doubt that Maria Soly Almonte participated in the sex trafficking of a minor, the Government needed to prove that Ms. Almonte:

First:   Knowingly recruited, enticed, harbored, transported, provided, advertised, obtained, OR maintained a person;

**OR**, in the alternative,

Knowingly benefitted, financially or by receiving anything of value, from participating in a venture that recruited, enticed, harbored, transported, provided, advertised, obtained, or maintained a person;

Second:  Knew or (unless [] considering advertising) recklessly disregarded the fact that the person would be caused to be engaged in a commercial sex act, and had not attained the age of 14 years of age... Alternatively, if Ms. Almonte herself recruited enticed, harbored, transported, provided, obtained, or maintained a person, that she (i) knew or recklessly disregarded the fact that the person would be caused to be engaged in a commercial sex act, and (ii) knew or recklessly disregarded the fact that the person had not attained 14 years of age OR had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, or maintained; and

Third:  Ms. Almonte's acts were in or affecting interstate commerce.

See, Tr. 955:7- 956: 13; see also 18 U.S.C. § 1951.  The Government's evidence failed on all accounts.

The verdict in this case must be set aside because the verdict was not supported by substantial evidence of Ms. Almonte's guilt beyond a reasonable doubt as to Count Two of the Indictment. Assuming, *arguendo*, that sufficient evidence existed to support Ms. Almonte's

conviction, the Court should nevertheless set aside the verdict and grant a new trial because it

was against the cumulative weight of the evidence.

### A. The Evidence Was Insufficient to Prove Beyond a Reasonable Doubt That the Defendant Knew or Recklessly Disregarded that Any Person was Under 14

This Court should enter a judgment of acquittal as to Count Two of the Indictment in this

case because the evidence at trial was insufficient to prove beyond a reasonable doubt that Ms.

Almonte knew or recklessly disregarded that any person was under 14 years of age or that Ms.

Almonte had a reasonable opportunity to observe that any person who would be caused to

engage in a commercial sex act was under 14 years of age.

Ms. Almonte was charged in Count Two with sex trafficking of a minors under the age of

14, in violation of 18 U.S.C. §§ 1591, 1594.  Section 1591 states, in relevant part:

> <u>whoever knowingly</u> (1) in or affecting interstate or foreign commerce …
> recruits, entices, harbors, transports, provides, obtains, advertises,
> maintains, patronizes, or solicits by any means a person; or (2) benefits,
> financially or by receiving anything of value, from participation in a
> venture which has engaged in an act described in violation of paragraph
> (1) … <u>knowing, or … in reckless disregard</u> of the fact … that the person
> has not attained the age of 14 years and will be caused to engage in a
> commercial sex act … (emphasis added).

The jury was further instructed with regard to the second element, that in considering the

knowledge requirement, they could consider "whether the defendant knew that the victim had

not attained the age of 14" or whether "the defendant 'recklessly disregarded' the fact that the

victim was under 14 years of age." Tr. 960-962.  When deciding whether a defendant recklessly

disregards a victim's age, juries are to take into account whether there are facts that "would

cause a reasonable person to question whether the victim was actually eighteen years old."

*United States v. Phea*, 755 F.3d 255, 261 (5th Cir. 2014). Juries are entitled to consider many

different types of facts when determining whether a defendant recklessly disregarded a victim's

minority status, including the victim's "appearance or behavior," "information from the victim, or others," and "[c]ircumstances of which a defendant was aware, such as the victim's grade level in school, or activities in which the victim engaged[.]" *Id*.

In the alternative, the jury was instructed that if "...the defendant had a reasonable opportunity to observe the victim, the Government need not prove that the defendant knew that the victim had not attained the age of 14 years..." Tr. 962: 16-963:1. In defining a reasonable opportunity to observe the victim, the court instructed that "[t]he defendant had a reasonable opportunity to observe the victim if the defendant had an in-person, face-to-face interaction with the victim." Tr. 962:24 – 963:1.

"In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, entices, harbored, transported, provided, obtained, or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 14 years." 18 U.S.C. § 1591(c). The Second Circuit has found that, when applicable, 18 U.S.C. § 1591(c) "imposes strict liability with regard to the defendant's awareness of the victim's age, thus relieving the Government's usual burden to prove knowledge or reckless disregard of the victim's underage status under § 1951(a)." *United States v. Robinson*, 702 F.3d 22, 26 (2d Cir. 2012). The Government may therefore "prove that the defendant had a reasonable opportunity to view the victim in lieu of proving knowledge." *Id*. at 31 (emphasis in original).

However, where other courts have applied this strict liability standard, the defendant had protracted involvement and sexual encounters with the victim. In *United States v. Robinson*, 702 F.3d 22, 27-79 (2d Cir. 2012), the court found sufficient opportunity to observe the victim's age where the defendant recruited a 17-year-old to engage in prostitution and the victim testified that the defendant was her boyfriend and they dated for two and a half years. In *United States v.*

*Paris*, 2007 WL 3124724, at *9 (D. Conn. Oct. 24, 2007), a jury found that the defendant consciously avoided knowing the victim's age based on evidence that the defendant had seen the minor's naked body when she was fourteen years old, had sex with her at that age, knew that she had "young friends who were still in high school" and defendant caused the victim to engage in commercial sex acts for approximately one-and-a-half years.

There is no similar evidence in this case. Viewed in a light most favorable to the Government, there was not sufficient evidence that Ms. Almonte knew, recklessly disregarded or had a reasonable opportunity to observe that JF or anyone else had not attained the age of fourteen. In fact, all of the testimony points to the fact that JF and any other minor victims were at least fourteen years old at the time of this conspiracy.

Here, the Government's own cooperators testified that no one was under fourteen during the time of this conspiracy. Gabriely Jose and Vetthya Alcius testified that Ari was seventeen when they met her. Tr. at 162: 24 – 163:4 and 375:17-23. Jose and Alcius both testified that IF, Ms. Almonte's sister, was already fourteen when they met her. Tr. at 162: 24 – 163:4 and 380: 23 – 381:4. Jose testified that Alcius, the Government's other cooperator in this case, was twenty years old when Jose met her. Tr. at 163:24-25. Jose testified that Nikki was sixteen when she met her. Tr. at 164: 4-11. Jose also testified that her friend Yaya, who was nineteen at the time, introduce Jose to Ms. Almonte. See Tr. at 186-188.

Jose testified that she only saw JF once and on that day, Jose heard JF tell IF, Ari and Theiya that she was fourteen. Tr. 188: 17 – 189:1. On the same day that Jose testified about, Alcius testified that Ms. Almonte was introduced to JF by Jose, who was an adult at the time, and Ms. Almonte "said that [JF] looked young." Tr. at 397:25 – 398: 1-5. On cross, Alcius testified that Ms. Almonte would not allow JF to work for her because she was too young. Tr.

8

461: 5-9.  On redirect, Alcius testified that "[a]fter a while [JF] told us that she was 14." Tr. 471: 3.  Although Alcius carried on a relationship with the victim and some point became aware of JF's age, there was no testimony that Alcius imparted this knowledge to Ms. Almonte.

The physician's associate at JF's school testified that JF "looked more mature" when she returned to school in 2015.  Tr. 549: 9-14.  The physician's assistant knew JF's real age though because she entered it into the medical records.  Tr. 547: 6-11.

Ms. Almonte testified that she met JF twice. Tr. 808: 1-9. She also testified that she did not know how old JF was.  Tr. 809: 4-9.  She assumed, based on the fact that she was hanging out with the defendant's sisters and did not attend school, that she was her sisters' age, at least fourteen and likely over eighteen.  Perhaps ineloquently, but to the point, on cross examination, Ms. Almonte testified that JF "...looked like 17, 18... She looked like a grown-ass woman..." Tr. 810:1-6.  There was no testimony that JF ever told the defendant how old she was. While there was testimony that JF looked "young," no one specified exactly what young meant. Tr. 725: 25-726: 9.

A photograph of JF was admitted into evidence at trial. Govt. Ex. 514.  However, this photograph was undated and there was no testimony that JF appeared the same way when the defendant saw her.  Government Exhibit 727, a video of several of the other victims in this case, ages fourteen through eighteen, and some adults, shows that based on one brief meeting, a person could not reasonably know how old any of these girls were.  A reasonable inference would be that JF was at least fourteen and likely older since the people she chose to hang out with were older than fourteen, including several adults, and she was participating in very adult activities.

At trial, the Government introduced evidence that Ms. Almonte and others posted online advertisements for some victims.  Ms. Almonte testified that she did post ads for some adults and

for one of her sisters, who was under the age of eighteen at the time.  However, there was no evidence presented that Ms. Almonte posted any online advertisements for JF or any other person under the age of fourteen.  There was no evidence submitted of any communications between JF and Ms. Almonte.

Further, we know the jury had difficulty interpreting Count Two.  During deliberations, the jury sent a note stating regarding the aiding and abetting theory for Count Two and also asking for clarification on the differences between Counts Two and Three.  *See*, Court Exhibit 12; Tr. 997:24 – 1009:10.

The critical portion of the statute, as it pertains to this motion, is the portion stating that the victim "has not attained the age of 14 years."  18 U.S.C. § 1591.  It is clear that to violate this statute, the victim must be not yet fourteen years old; it applies only to those thirteen years, three hundred and sixty-four days old or younger.  There was no evidence presented in this case that any minor victim was under fourteen years old at the time of this conspiracy, thus this Court must grant a judgment of acquittal as to Count Two.

**B.    The Evidence was Insufficient to Prove that the Defendant was Part of a Sex Trafficking Conspiracy Involving Minors**

This Court should grant a judgment of acquittal as to Count One of the Indictment because there was insufficient evidence presented to prove beyond a reasonable doubt that Ms. Almonte was a member of the conspiracy in this case.

Section 1594 provides as follows: "Whoever conspires with another to violate Section 1591 [is guilty of a crime]." "It is not a crime to be acquainted with criminals or to be physically present when they are committing crimes." *United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001). "[T]he inferences rising from keeping bad company are not enough to convict a defendant of conspiracy." *United States v. Wexler*, 838 F.2d 88, 91 (3d Cir. 1988).

"[G]uilt of a conspiracy cannot be proven solely by family relationship or other type of close association." *United States v. Ritz*, 548 F.2d 510, 522 (5th Cir. 1977).

There was no dispute at trial that Ms. Almonte was a prostitute and prostitution ran rampant at locations where Ms. Almonte resided.  Ms. Almonte's relationship with her younger sisters and their friends do not make her part of a conspiracy.

Viewing the evidence in its totality and drawing all reasonable inferences in favor of the Government, the evidence at trial was not sufficient to allow any rational juror to find beyond a reasonable doubt that Ms. Almonte was a member of a conspiracy to commit sex trafficking of minors.

### C.  In the Alternative, The Court Should Order A New Trial In The Interests Of Justice Because The Verdict Was Against The Weight Of The Evidence

If this Court denies Ms. Almonte's motion for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, the Court should grant Ms. Almonte's motion for a new trial, pursuant to Federal Rule of Criminal Procedure 33 because the cumulative weight of the evidence does not support a judgment of guilt.

Independently, assuming that the evidence, viewed in the light most favorable to the Government, was sufficient for a reasonable jury to find guilt beyond a reasonable doubt, the verdict was nonetheless against the cumulative weight of the evidence.  In deciding a Rule 33 motion for a new trial, the Court is permitted to assess the credibility of each witness and is not required to view the evidence in the light most favorable to the Government.  Considering the totality of the evidence, the following points are clear: Ms. Almonte did not have knowledge of or a reasonable opportunity to observe the age of JF and Ms. Almonte was not a part of the conspiracy to traffic minors.

11

The Government did not present testimony from a single person involved in this case who was underage at the time. The jury's conclusion that after two brief meetings with JF, the defendant knew or had an opportunity to observe her is against the weight of the evidence. Further, there was no evidence that the defendant ever interacted with JF or caused her to engage in a commercial sex act. Merely seeing someone who may or may not be underage who was engaging in prostitution does not make the defendant liable for that person's actions. Ms. Almonte lived with other prostitutes who happened to be her mother, cousin and underage sisters. Justice requires the Court to vacate the verdict and order a new trial.

Federal Rule of Criminal Procedure 33, "gives the trial court broad discretion . . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Ferguson*, 246 F.3d 129, 133 (2d Cir. 2001). "The ultimate test is whether letting a guilty verdict stand would be a manifest injustice . . ." *United States v. Canova*, 412 F.3d 331, 349 (2d Cir. 2005) (internal quotations and citations omitted). In this case, there is a "manifest injustice" in the addition of a mandatory 5-year penalty for a count that the Government failed to prove.

Assuming *arguendo*, that the evidence, viewed in the light most favorable to the Government was sufficient for a reasonable jury to find Ms. Almonte guilty beyond a reasonable doubt, the Court should nonetheless set aside the verdict and grant a new trial because it was against the cumulative weight of the evidence.

## CONCLUSION

For the foregoing reasons, Ms. Almonte respectfully requests the Court grant her Motion and enter a judgment of acquittal on Counts One and Two. In the alternative, Ms. Almonte requests the Court order a new trial.

Dated:  New York, New York
        February 6, 2018

                                 Respectfully submitted,


                                 By: _____/s/_____

                                 ANTHONY CECUTTI, ESQ.
                                 217 Broadway, Suite 707
                                 New York, New York 10007
                                 Ph: (212) 619-3730

                                 JENNIFER R. LOUIS-JEUNE
                                 733 3rd Avenue, 15th Floor
                                 New York, New York 10017
                                 Ph: (212) 203-9058

                                 *Attorneys for Maria Soly Almonte*