AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 1

Case 1:16-cr-00670-KMW   Document 261   Filed 12/18/18   Page 1 of 8

(NOTE: Identify Changes with Asterisks (*))

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/18

# UNITED STATES DISTRICT COURT
## Southern District of New York

| UNITED STATES OF AMERICA | ) | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| MARIA SOLY ALMONTE | ) | Case Number: S2 16 CR 670 (KMW) |
| | ) | USM Number: 80693-053 |
| | ) | Anthony Cecutti, Esq. (AUSA Stephanie Lake) |

**Date of Original Judgment:** 12/17/2018
(Or Date of Last Amended Judgment)
Defendant's Attorney

**Reason for Amendment:**

- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☐ pleaded guilty to count(s) _____
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☒ was found guilty on count(s) 1, 2, 3, 4 and 5 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1594(c) | Conspiracy to Commit Sex Trafficking of Minors | 12/31/2016 * | 1 |
| 18 USC 1591(a)&(b)(1) | Sex Trafficking of a Minor who was Less Than 14-years old | 12/31/2015 | 2 |
| 18 USC 1591(a)&(b)(2) | Sex Trafficking of a Minor who was Less Than 18-years old | 12/31/2015 | 3 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☒ Count(s) underlying indictments ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/29/2018
Date of Imposition of Judgment

*Signature of Judge*
KIMBA M. WOOD, U.S.D.J.
Name and Title of Judge

12-15-18
Date

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 1A
Case 1:16-cr-00670-KMW   Document 261   Filed 12/18/18   Page 2 of 8
(Note: Identify Changes with Asterisks (*))
Judgment — Page 2 of 8

DEFENDANT: MARIA SOLY ALMONTE
CASE NUMBER: S2 16 CR 670 (KMW)

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1952(a)(3) | Use of Interstate Commerce to Promote Unlawful Activity | 6/30/2016 | 4 |
| 18 USC 371 | Conspiracy to Use Interstate Commerce to Promote Unlawful Activity | 6/30/2016 | 5 |

AO 245C (Rev. 02/18)   Amended Judgment in a Criminal Case
                       Sheet 2 — Imprisonment
                       (NOTE: Identify Changes with Asterisks (*))

Case 1:16-cr-00670-KMW   Document 261   Filed 12/18/18   Page 3 of 8

Judgment — Page  3  of  8

DEFENDANT: MARIA SOLY ALMONTE
CASE NUMBER: S2 16 CR 670 (KMW)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

20 years in custody on each of Counts 1, 2 and 3, and 5 years in custody on each of Counts 4 and 5, all to run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends to the Bureau of Prisons that the defendant the defendant be incarcerated at a facility as close to New York City as possible, specifically FCI Danbury. The Court recommends that the defendant receive intensive drug, alcohol and mental health treatment, and that the defendant be allowed to participate in the Resolve and FIT programs.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Case 1:16-cr-00670-KMW Document 261 Filed 12/18/18 Page 4 of 8

Judgment—Page 4 of 8

DEFENDANT: MARIA SOLY ALMONTE
CASE NUMBER: S2 16 CR 670 (KMW)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

The Court imposes 5 years of supervised release on Counts 1 through 3, and 3 years of supervised release on Counts 4 and 5, all to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
    * 
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: MARIA SOLY ALMONTE
CASE NUMBER: S2 16 CR 670 (KMW)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

DEFENDANT: MARIA SOLY ALMONTE
CASE NUMBER: S2 16 CR 670 (KMW)

## SPECIAL CONDITIONS OF SUPERVISION

The standard and mandatory conditions of supervised release will apply, along with the following special conditions:

The defendant shall participate in an outpatient program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the probation officer. The defendant will be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

The defendant shall participate in an outpatient mental health treatment program approved by the United States Probation Office. The defendant shall continue to take any prescribed medications unless otherwise instructed by the health care provider. The defendant shall contribute to the costs of services rendered not covered by third-party payment. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider.

The defendant shall submit her person, residence, place of business, vehicle, or any other premises under his control to a search, on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The defendant shall participate in the Computer/Internet Monitoring Program administered by the U.S. Probation Office. The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision and that can access the Internet. The U.S. Probation Office is authorized to install any application as necessary to survey all activity on computer(s) or connected device(s) owned or operated by the defendant. The defendant may be required to pay the cost of monitoring services at the monthly rate provided by the U.S. Probation Office. The rate and payment schedule are subject to periodic adjustments by the U.S. Probation Office. The U.S. Probation Office shall be notified via electronic transmission of impermissible/suspicious activity or communications occurring on such computer or connected device, consistent with the computer monitoring policy in effect by the probation office. As triggered by impermissible/suspicious activity, the defendant shall consent to and cooperate with unannounced examinations of any computer equipment owned or used by the defendant. This examination shall include but is not limited to retrieval and copying of all data from the computer(s), connected device(s), storage media, and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection.

The defendant must not have contact with the victims in this case, except for blood relatives. This includes any physical, visual, written or telephonic contact with such persons. Additionally, you must not directly cause or encourage anyone else to have such contact with the victims.

The defendant must not have deliberate contact with any child under 18 years of age, except for blood relatives, unless approved by the probation department. You must not loiter within 100 feet of schoolyards, playgrounds, arcades, or other places primarily used by children under the age of 18.

The defendant shall be supervised by the district of her residence.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case  
Sheet 5 — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

Case 1:16-cr-00670-KMW   Document 261   Filed 12/18/18   Page 7 of 8

Judgment — Page 7 of 8

DEFENDANT: MARIA SOLY ALMONTE  
CASE NUMBER: S2 16 CR 670 (KMW)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 500.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.  
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 1:16-cr-00670-KMW   Document 261   Filed 12/18/18   Page 8 of 8
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __8__ of __8__

DEFENDANT: MARIA SOLY ALMONTE
CASE NUMBER: S2 16 CR 670 (KMW)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑  Lump sum payment of $ __500.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.