USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 15, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA

          v.

MARIA SOLY ALMONTE

                    Defendant.
----------------------------------------------------------X

16-CR-670 (KMW)

**<u>OPINION & ORDER</u>**

KIMBA M. WOOD, District Judge:

Defendant Maria Soly Almonte has moved to reduce her sentence under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of COVID-19. (ECF No. 344.) The Government opposes the motion. (ECF No. 349.) For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

Defendant was arrested on or about September 12, 2016 for her role in a sex trafficking conspiracy that trafficked minor girls and adult women for sex. (*See* Gov't Opp'n at 1.) The Superseding Indictment charged Defendant with (1) conspiring to traffic minors for sex, in violation of 18 U.S.C. § 1594(c); (2) trafficking a minor under fourteen years old for sex, in violation of 18 U.S.C. §§ 1591(a), (b)(1), and 2; (3) trafficking a minor between fourteen and eighteen years old for sex, in violation of 18 U.S.C. §§ 1591(a), (b)(2), and 2; (4) using interstate commerce to promote the sex trafficking venture, in violation of 18 U.S.C. §§ 1592(a)(3) and 2; and (5) conspiring to use interstate commerce to promote the sex trafficking venture, in violation of 18 U.S.C. § 371. (*Id.* at 1.)

On November 20, 2017, Defendant proceeded to trial, and on December 1, 2017, the jury

returned a guilty verdict on all five of the above counts. (*Id.* at 1-2.) On November 29, 2018, the Court sentenced Defendant to 20 years' imprisonment, to be followed by five years of supervised release. (*See id.* at 2-3.) Defendant is currently serving her sentence at FCI Danbury. (*Id.* at 3.)

In May 2020 and July 2020, Defendant submitted an application for compassionate release to the Bureau of Prisons (the "BOP"). (*Id.*; *see id.* Ex. 1.) The BOP denied both requests. (*Id.* at 3; *see id.* Ex. 1.)

On May 11, 2021, Defendant filed the present motion. The Government submitted its opposition on May 21. Defendant filed a reply on May 29.

## LEGAL STANDARDS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]  *Id.*

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). The court has discretion to consider "the full slate of extraordinary and compelling reasons" an inmate presents. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). In light of the COVID-19

---

[1] Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the BOP. (*See* Gov't Opp'n at 3.)

pandemic, these reasons may include whether a defendant is at increased risk of suffering serious illness from the virus. *See, e.g.*, *United States v. Jones*, 2020 WL 6131252, at *3 (S.D.N.Y. Oct. 19, 2020) (Swain, J.).

In determining whether to grant a motion for compassionate release, courts must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) (the "sentencing factors"). 18 U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling reasons for compassionate release exist, courts may deny the motion if the Section 3553(a) sentencing considerations outweigh those compelling reasons. *See, e.g.*, *United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

## DISCUSSION

Defendant seeks compassionate release on the ground that she is not receiving adequate mental health treatment. Defendant argues that her mental health conditions related to ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ have not been adequately treated. (Mot. at 4-5.) Defendant notes, for example, that she has not received more regular counseling, nor has she had an opportunity to participate in "FIT," an intensive program that combines trauma work, substance abuse treatment, and mental health treatment. (Gov't Opp'n at 5; Reply at 2, ECF No. 347.) Defendant contends that these factors constitute an "extraordinary and compelling" reason to reduce her sentence.

The Court disagrees. Defendant has not established extraordinary and compelling reasons justifying her release because the BOP has recognized Defendant's mental health conditions, treated them with medication, and made counseling available to Defendant. (*See* Gov't Opp'n at 5; *see, e.g., id.* Ex. 2 at 1, 30.) In addition, Defendant's medical records reflect that she has been continuously evaluated and designated by the BOP as ▓▓▓▓▓▓▓▓▓▓

3

████████████████████████████████.   (*See id.* at 5.)

Moreover, although Defendant's letter to the BOP cited the risk of contracting COVID-19 as a reason for releasing Defendant, the Motion does not appear to be based on that risk.   (*Id.* at 3-4.)   To the extent that Defendant's Motion is based on her risk of contracting COVID-19, the Court finds that the danger Defendant faces from the threat of exposure to COVID-19—without more—does not constitute an extraordinary and compelling reason for granting compassionate release, especially since there are no reported cases of COVID-19 among inmates or staff at FCI Danbury as of June 7, 2021.   *See COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus (last accessed June 7, 2021.)   The Court also notes that Defendant declined to be vaccinated against COVID-19.   (Gov't Opp'n at 6.)

The Section 3553(a) sentencing factors likewise counsel against granting Defendant's motion.   Section 3553(a) requires the Court to consider (1) "the nature and circumstances of the offense"; and (2) the need for the sentence imposed (A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (B) "to afford adequate deterrence to criminal conduct," and (C) "to protect the public from further crimes of the defendant."   18 U.S.C. §§ 3553(a)(1)-(2).

Defendant asserts that the Section 3553(a) factors weigh in favor of reducing her sentence because she endured a horrific childhood, she now accepts responsibility for her actions, and some of the victims and their family members have forgiven her.   (Mot. at 6-7; Reply at 4-5.)

The Court finds Defendant's assertions unpersuasive.   The Court took into consideration at sentencing the difficulties that Defendant encountered because of her terrible upbringing and her deprived childhood, by imposing a sentence that was below the Sentencing Guideline range.

(*See* Gov't Opp'n at 3; Sent. Tr. at 24-25, ECF No. 264.) The considerations above are also outweighed by the seriousness of Defendant's crime. Defendant profited from the sexual exploitation of at least six minor victims over the course of several years. (Gov't Opp'n at 6.) As the Court remarked at sentencing, the evidence at trial was very difficult to hear, and it would be difficult to overstate the harm to the six minor victims. (Sent. Tr. at 24.) For example, the victims were traumatized and will have a long journey to recovery. (*Id.*; Gov't Opp'n at 6.) In addition, the Court noted Defendant's "history of manipulation and fabrication":

> After being charged, she threatened cooperators. She testified at trial and was not at all credible. Her testimony was at odds with the evidence, but she testified with great vigor about her innocence and the fact that her victims were responsible for what happened to them. Her victims were young, very young, and for her to have victimized them in the way she did showed a basic callousness . . . . (Sent. Tr. at 25.)

In light of these circumstances, the Court finds that granting Defendant compassionate release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 344.

SO ORDERED.

Dated: New York, New York
June 15, 2021

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge