USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 24, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

Maria Soly Almonte,

                          Defendant.

16-CR-670 (KMW)

ORDER

---

KIMBA M. WOOD, United States District Judge:

On December 17, 2018, Maria Soly Almonte was sentenced principally to a term of 20 years' imprisonment. (J. at 3, ECF No. 259.) On March 12, 2024, Almonte filed a request for appointment of counsel in connection with the United States Sentencing Commission's ("Sentencing Commission") Amendment 821, which amended the United States Sentencing Guidelines Manual. (Def.'s Mot., ECF No. 362.)[1]

Pursuant to Section 3582(c)(2), a court may reduce a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the [Section 3553(a) factors,] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

As relevant here, Part A of Amendment 821 amends Guidelines § 4A1.1, by reducing from two (2) points to zero (0) points the upward adjustment for offenders who committed the instant offense while under a criminal sentence if the Defendant has six (6) or fewer criminal

---

[1] Almonte's letter is addressed to the Federal Public Defenders Office, and she requests that someone from the Federal Defender's office is assigned to evaluate her case. Because the Court construes *pro se* submissions liberally, it will construe the request as a motion for an appointment of counsel.

history points.  On April 4, 2024, the United States Probation Department ("Probation") issued a report stating that Almonte is eligible for a recalculation of her Guidelines range pursuant to U.S.S.G. § 4A1.1 because she received an enhancement for committing the instant offense while under any criminal sentence.  (Suppl. Presentence Investigation Report ("Suppl. PSR") at 3, ECF No. 363.)   Almonte's original Guidelines range was a for a term of life imprisonment, based on an offense level of 43 and a criminal history category of III.  (*Id.* at 3.)  Without the enhancement, Almonte's amended Guideline range remains a term of life imprisonment, based on an offense level of 43 and a criminal history category of II.  (*Id.*)

Accordingly, Probation determined that Almonte is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because Almonte's original sentence of 20 years' imprisonment is below her amended Guideline range.  (*Id.*)  Because Almonte is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), Almonte's motion for appointment of counsel for this motion is DENIED.  *See United States v. Cirineo,* 372 F. App'x 178, 179-80 (2d Cir. 2010) (summary order) (explaining that a court does not abuse its discretion in denying a defendant's motion for appointment of counsel "where it [is] readily ascertainable from the record that [the defendant is] ineligible for a reduction in sentence" pursuant to Section 3582(c)(2)).

SO ORDERED.

                                                 /s/ Kimba  M. Wood  
                                                KIMBA M. WOOD  
                                                United States District Judge

Dated: April 24, 2024  
       New York, New York